P. Kristofer Strojnik, SBN 242728
pstrojnik@strojniklaw.com
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
415-450-0100 (tel.)

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM, a married man dealing with his sole and separate claim, | Case No: |
| Plaintiff, | **VERIFIED COMPLAINT** |
| vs. | (**Jury Trial Demanded**) |
| ANMOL LLC, a California limited liability company, | |
| Defendant. | |

Plaintiff alleges:

### PARTIES

1. Plaintiff Fernando Gastelum is a married man. Plaintiff is legally disabled, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act. Plaintiff alternates ambulating with a wheelchair, scooter or prosthetic leg and cane due to the loss of a leg. Plaintiff's use of a prosthetic is very limited due to the pain it causes on his femur, joints and causes chafing where the prosthetic meets the skin.

2. Defendant, Anmol LLC, owns and/or operates and does business as the hotel La Quinta Inn & Suites located at 3555 Inland Empire Boulevard, Ontario, California 91764. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. §

1  12181(7)(A), which offers public lodging services. On information and belief,

2  Defendant's hotel was built or renovated after March 15, 2012.

3                                  **JURISDICTION**

4         3.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42

5  U.S.C. § 12188.

6         4.      Plaintiff's claims asserted herein arose in this judicial district and

7  Defendant does substantial business in this judicial district.

8         5.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c)

9  in that this is the judicial district in which a substantial part of the acts and omissions

10  giving rise to the claims occurred.

11         6.      Pursuant to *Arroyo v. Rosas*, supplemental jurisdiction is appropriate over

12  Plaintiff's Unruh claim. On a case-specific analysis, there are no compelling reasons to

13  decline jurisdiction.

14                                  **ALLEGATIONS**

15         7.      Plaintiff alleges that Defendant's hotel does not have a compliant access

16  aisle at the passenger loading zone adjacent to the hotel lobby in violation of Sections

17  209 and 503 of the 2010 Standards. An access aisle has specific requirements to be

18  compliant with the Standards: It must be (1) 60 inches wide and at least 20 feet long, (2)

19  it must have an accessible route adjoining it, and (3) it cannot be within a vehicular

20  way. Section 503.3.

21         8.      The requirement for an access aisle at a passenger loading zone is

22  immensely important for a person with an extreme mobility disability such as Plaintiff,

23  as it provides safe access to the entry of the hotel and deters others from placing

24  encumbrances or obstacles there such as a vehicle parking. An access aisle is akin to a

25  crosswalk for pedestrians. Absence of an access aisle where required creates dangerous

26  conditions for a person with a extreme mobility disability such as Plaintiff.

27         9.      Plaintiff is an avid traveler across California for purposes of leisure travel,

28  to attend legal proceedings and to "test" whether various hotels comply with disability

1    access laws, doing so at least once per month. Testing is encouraged by the Ninth

2    Circuit.

3         10.    In early November 2025, Plaintiff personally visited Defendant's hotel,

4    which has a passenger loading zone. At the time, he was using his scooter without his

5    prosthetic. Defendant's hotel has a passenger loading zone because pickup and drop-off

6    occurs there and it is located directly outside of the lobby entrance. There are also other

7    design features showing an intent for utilization as a passenger loading zone. According

8    to the U.S. Access Board Technical Guidelines on Passenger Loading Zones, "many

9    hotel entrances" have the design features indicating an intent to utilize as PLZs and

10   therefore constitute a PLZ *even if not expressly designated or marked as such*.

11        11.    While at Defendant's hotel, Plaintiff discovered that Defendant's hotel

12   has a barrier to entry to the lobby, which is that the passenger loading zone does not

13   have an access aisle compliant with Section 503.3. It is an absolute requirement to have

14   an access aisle at a passenger loading zone pursuant to Sections 209 and 503. The

15   requirement of an access aisle at a passenger loading zone relates to Plaintiff's mobility

16   disability of not having one leg and being forced to use a wheelchair or scooter because

17   access aisles allow the mobility-disabled to maneuver without threat of danger from

18   other vehicles and without other encumbrances obstructing their pathway. The lobby,

19   therefore, is inaccessible to Plaintiff by way of the passenger loading zone because

20   there is no access aisle.

21        12.    Plaintiff gained actual and personal knowledge of a barrier while visiting

22   Defendant's hotel (no access aisle at passenger loading zone), and as a result, he was

23   deterred from entering the hotel both from the barrier and due to the lack of equality.

24        13.    Plaintiff has certain plans of returning and staying at the Hotel in May

25   2026 during one of his numerous trips across California, in the hopes that Defendant

26   will have remediated the barrier by then.

27        14.    It is readily achievable and inexpensive to modify the hotel to provide an

28   access aisle, which involves painting and measuring tools. *See e.g. Brooke v. San Diego*

3

1  *California Lodge LLC*, SD Cal 25-cv-64-BAS (July 3, 2025); *Brooke v. Tsay Jbr LLC*,
2  CD Cal 23-cv-7378-DMG (March 20, 2024).

3       15.    Without injunctive relief, Plaintiff and others will continue to be unable to
4  independently use Defendant's hotel in violation of his rights under the ADA.

5                          **FIRST CAUSE OF ACTION**

6       16.    Plaintiff incorporates all allegations heretofore set forth.

7       17.    Defendant has discriminated against Plaintiff and others in that it has
8  failed to make its public lodging services fully accessible to, and independently usable
9  by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and §
10  121282(b)(2)(iv) and the 2010 Standards, as described above.

11      18.    Defendant has discriminated against Plaintiff in that it has failed to
12  remove architectural barriers to make its lodging services fully accessible to, and
13  independently usable by individuals who are disabled in violation of 42 U.S.C.
14  §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the
15  2010 Standards would neither fundamentally alter the nature of Defendant's lodging
16  services nor result in an undue burden to Defendant.

17      19.    In violation of the 2010 Standards, Defendant's hotel passenger loading
18  zone does not have a disability access aisle compliant with Section 503.3 of the
19  Standards.

20      20.    Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards,
21  as described above, is readily achievable by the Defendant. *Id*. Readily achievable
22  means that providing access is easily accomplishable without significant difficulty or
23  expense.

24      21.    Defendant's conduct is ongoing, and Plaintiff invokes his statutory right
25  to declaratory and injunctive relief, as well as costs and attorneys' fees.

26

27

28

22. Without the requested injunctive relief, Defendant's non-compliance with the ADA's requirements that its passenger loading zone be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

   a. DECLARATORY Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA;

   b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;

   c. Payment of costs and attorney's fees;

   d. Provision of whatever other relief the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION

23. Plaintiff realleges all allegations heretofore set forth.

24. Defendant has violated the Unruh Act by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

25. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

26. Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

27. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

28. Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

5

a.  Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b.  Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;

c.  Payment of costs and attorney's fees;

d.  Damages in the amount of $4,000.00; and

e.  Provision of whatever other relief the Court deems just, equitable and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on issues triable by a jury.


RESPECTFULLY SUBMITTED this 6th day of December, 2025.


_____
P. Kristofer Strojnik (242728)
Attorneys for Plaintiff



### VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 6th day of December, 2025.


_____
Fernando Gastelum

6